UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT MEYERS, | Case No. 1:14CV1694 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | Magistrate Judge George J. Limbert |
| STATE OF OHIO, et al., | |
| Respondents. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On July 31, 2014[1], Petitioner Robert Meyers ("Petitioner"), acting *pro se*, filed a petition for a writ of coram nobis, and a writ of habeas corpus pursuant to 28 U.S.C. §2254, in the Northern District of Ohio. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during Petitioner's 2012 bench trial in the Mentor, Ohio Municipal Court ("Mentor Municipal Court"), where he was convicted of one count of disorderly conduct, in violation of Mentor Code of Ordinances §509.03(a)(1), a minor misdemeanor, in Case No. CRB 1201396.

On October 15, 2014, Respondent Daniel Dunlap, Lake County Sheriff ("Respondent")[2], filed a motion to dismiss the petition predicated upon lack of subject matter jurisdiction. ECF Dkt. #13. Respondent asserts that Petitioner's writ of coram nobis should be dismissed because federal

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[2] There are two respondents named in the Petition: the State of Ohio and Mr. Dunlap. By naming Mr. Dunlap, Petitioner appears to predicate his writ of habeas corpus upon a sentence he served at the Lake County Adult Detention Center, as a result of a conviction in the Painesville, Ohio Municipal Court ("Painesville Municipal Court"). Because the State of Ohio did not have custody of Petitioner at any time relevant to the petition, the Ohio Attorney General's Office does not represent Respondent Dunlap, he is represented instead by the Lake County Office of the Prosecuting Attorney. In fact, the State of Ohio is unrepresented in this matter.

courts lack jurisdiction to grant the writ with respect to a state court judgment. Respondent further asserts that, because Petitioner was not incarcerated as a result of his Mentor Municipal Court conviction, his writ of habeas corpus should likewise be dismissed for lack of subject matter jurisdiction. No response was filed to the motion to dismiss.

On November 25, 2014, the Court issued a show cause order informing Petitioner that his traverse was overdue, and, that, should he fail to respond to the motion to dismiss on or before December 12, 2014, the Court would rule on the motion to dismiss. No response was filed. Accordingly, the matter is ripe for disposition, and, for the following reasons, the undersigned recommends that the Court DISMISS the instant petition for lack of subject matter jurisdiction:

## I. SYNOPSIS OF THE FACTS

The Eleventh District Court of Appeals of Ohio set forth the relevant facts on direct appeal. *Mentor v. Meyers*, 2014 WL 1900616, see also ECF Dkt. #1-2. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> {¶ 2} On August 19, 2012, police responded to the home of Erin and Matthew Pawlak, appellant's neighbors, on Wake Robin Road in Mentor, Ohio. The Pawlaks had called the police because appellant, who appeared intoxicated, was shouting profanities, directed at Mr. Pawlak, from appellant's own driveway. Appellant's conduct was recorded by the Pawluks' surveillance system. According to the Pawlaks, the system was installed due to appellant's past erratic behavior.
>
> {¶ 3} The testimony revealed that upon responding to the Pawlak's home, Officer Danzey from the Mentor Police Department reviewed the surveillance camera footage. Officer Danzey located appellant in his backyard swimming pool and spoke to him about the incident. Officer Danzey testified that appellant denied being drunk, even though he was slurring his words and appeared to be confused.
>
> {¶ 4} On September 10, 2012, appellee, the city of Mentor, charged appellant with one count of disorderly conduct for the events that occurred on August 19, 2012. Appellant pled not guilty to the charge on September 19, 2014.
>
> {¶ 5} On October 2, 2012, appellant filed a discovery request seeking any "pertinent exculpatory evidence/information." Among the items included in appellant's discovery request was "video/audio from within the patrol/police cars of any/all officers involved on said date/time" and "any/all video/audio recordings possessed by the Complainant (Matthew Pawlak) of the alleged incident." On October 16,

2012, appellant filed a second discovery request that set forth requests identical to those included in his first request.

{¶ 6} On October 22, 2012, appellee filed a discovery response and request. In its response to appellant's discovery requests, appellee provided the names and addresses of its potential witnesses. Appellee also listed the evidence it sought to use in court against appellant. Appellee stated that the evidence was "open to inspection by the defendant."

{¶ 7} On October 30, 2012, appellant filed a motion to compel discovery. The motion alleged that the "City of Mentor Prosecutor has failed/refused to provide Defendant with a copy of ALL of the following requested existing non-exempt relevant and pertinent exculpatory evidence." This motion to compel discovery repeated the same requests as those contained in appellant's October 2 and October 16, 2012 discovery requests.

{¶ 8} On November 6, 2012, appellant filed several pleadings with the trial court, including a witness list for trial, a motion to demand jury trial, a motion for a bill of particulars, and a motion to stay proceedings. Appellant sought to stay proceedings because of appellee's alleged failure to comply with discovery. That same day, the trial court overruled appellant's motion to stay proceedings and his motion to demand jury trial.

{¶ 9} The following day, November 7, 2012, appellee filed a bill of particulars. The bill of particulars stated that appellant "recklessly caused inconvenience, annoyance, or alarm to another, namely, his neighbors * * *, and that he did so by engaging in fighting, threatening harm to persons or property or violent or turbulent behavior." The bill of particulars further stated that appellant "was provided a copy of the police report at his pretrial hearing and was provided the opportunity to review the videotaped surveillance of [appellant's] conduct, providing him with all of the necessary information to assist in his defense."

{¶ 10} On November 13, 2012, appellant filed a "motion to order the clerk to provide subpoenas for service." In his motion, appellant argues that his "Equal Protection procedural Due Process Rights to Access to the Courts and Law were blatantly violated by the Mentor Municipal Court Clerk in violation of clearly established Ohio Court Rule and the Clerk's legal duty." Specifically, appellant alleged that the Municipal Court Clerk impeded his right to subpoena witnesses by stating that appellant needed to file a motion with the trial court judge to get subpoena forms.

{¶ 11} On November 20, 2012, appellant filed a "request under the public records act (Ohio FOIA) for non-exempt public records and public information." In his public records request, appellant sought numerous records regarding the Mentor Municipal Court. Included in his request were records of "any/all Civil Infractions issued by the Mentor Police Dept. and submitted to this Mentor Municipal Court to be prosecuted." Appellant also requested information detailing the amount of fines collected by the court.

{¶ 12} On November 26, 2012, appellant filed a second motion to compel discovery. Appellant's second motion to compel discovery made the same argument as his first motion to compel, which also contained the same requests as those in his two prior discovery requests.

> {¶ 13} On November 29, 2012, appellant filed a motion to have counsel appointed. The next day, on November 30, 2012, the trial court overruled appellant's motion for appointment of counsel.
>
> {¶ 14} A bench trial was held on December 3, 2012. At trial, appellee called Mr. and Mrs. Pawlak and Officer Danzey as witnesses, Appellant cross-examined appellee's witnesses but did not call any witnesses of his own. At the conclusion of the trial, appellant was found guilty and ordered to pay a fine of $50.00.

Id. at *1-2.

## II. ANALYSIS

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir.1993); see also, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

### A. CORAM NOBIS

Two months ago, the Sixth Circuit Court of Appeals recognized that "[c]oram nobis is an extraordinary writ that may be used to 'vacate a federal sentence or conviction when a [28 U.S.C] § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer in custody.' " *U.S. v. Waters*, 770 F.3d 1146, 1147. The Sixth Circuit further observed that "[t]he writ is so extraordinary that it is used only in "circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (emphasis added).

The language of the statute can be read to limit a federal court's power to issue writs of coram nobis. The All Writs Act, 28 U.S.C. § 1651(a), empowers a federal court to issue writs of coram nobis but only such as are "necessary or appropriate *in aid of their jurisdictions* and agreeable to the uses and principles of law." (Emphasis added.) In fact, although the Sixth Circuit has not directly addressed the jurisdictional limitation on a writ of coram nobis, virtually every other Circuit has recognized that district courts lack the power to issue writs of coram nobis to set aside

judgments of state courts. See *Ogunwomoju v. U.S.*, 512 F.3d 69, 75 (2d Cir.2008)("federal courts lack jurisdiction to issue writs of coram nobis to set aside judgments of State Courts"); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir.2003) ("coram nobis is not available in a federal court as a means of attack on a state criminal judgment"); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir.1964) ("Error coram nobis ... cannot issue under the instant proceeding ... for the judgments are not in the court which Thomas has petitioned."); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." (internal quotation marks omitted)); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir.1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court."); *Booker v. Arkansas*, 380 F.2d 240, 244 (8th Cir.1967) ("Relief by the writ ... is available, if at all, only in the court which rendered the judgment under attack."), abrogated on other grounds by *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir.1962)("use of the writ is limited by tradition and rule ... and cannot be used as a ... collateral writ of error between state and federal jurisdictions").

Petitioner has offered no case law to support the conclusion that a federal court may grant a writ of coram nobis with respect to a state court judgment. Accordingly, based upon the persuasive opinions cited above, the undersigned recommends that the Court dismiss the petition for writ of coram nobis for lack of subject matter jurisdiction pursuant to Fed. R. 12(b)(1).

### B. **HABEAS CORPUS**

In relevant part, § 2254 provides:

An application for a writ of habeas corpus on behalf of a person *in custody pursuant to the judgment of a State court* shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

A month and a half ago, the Sixth Circuit acknowledged that "[b]y its terms, § 2254 empowers [a] district court to achieve a single end: to terminate [a] petitioner's unconstitutional custody." *Gillispie v. Warden, London Correctional Inst.*, 771 F.3d 323, 329 (6th Cir.2014). Here, Petitioner was not incarcerated as a result of his conviction for disorderly conduct in the Mentor Municipal Court case. Although neither Petitioner nor Respondent provided a copy of Mentor Municipal Court judgment entry, the online court summary indicates that the court imposed a fine but no jail time. See http://www.mentormunicipalcourt.org. - Case no. 1201396. The Eleventh District Court of Appeals reflects the same sentence, that is, a fine but no incarceration.

Petitioner appears to rely upon a jail sentence imposed by Painesville Municipal Court, which is the subject of a separately-filed and currently-pending federal petition for habeas corpus. See *Myers v. State of Ohio, et al.,* Case No. 1:14CV1505 ("*Meyers* I"). However, Petitioner has offered no relevant relationship between his conviction in Mentor Municipal Court and his incarceration resulting from his conviction in Painesville Municipal Court. In fact, a review of the online docket of Painesville Municipal Court case shows absolutely no connection between the two cases.[3]

Insofar as Petitioner has not asserted that he was the subject of "unconstitutional custody" as a result of the Mentor Municipal Court conviction, the undersigned recommends that the Court dismiss the petition for habeas corpus for lack of subject matter jurisdiction pursuant to Fed. R. Civ P. 12(b)(1).

---

[3]In *Meyers* I, Petitioner attached a Judgment Entry issued by Painesville Municipal Court in Case No. CRB 1300149 A B, See *Myers* I, 1:14CV1505, ECF Dkt. 1-4, wherein Petitioner was convicted of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16, and using weapons while intoxicated, in violation of R .C. 2923.15. See *State v. Meyers*, 2014 WL 1348920 (11th Dist.) The municipal court sentenced Petitioner to a term of incarceration at the Lake County Jail, to commence on July 9, 2014. However, an entry on the Painesville Municipal Court electronic docket indicates that the balance of Petitioner's sentence was suspended on August 14, 2014. See http:/www.pmcourt.com - Case no. 1300149A and 13149B. Consequently, it appears that Petitioner is no longer in custody as a result of his conviction in Painesville Municipal Court.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition in its entirety for lack of subject matter jurisdiction.

DATE: December 31, 2014          */s/ George J. Limbert*
                                 GEORGE J. LIMBERT
                                 UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).