IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert Meyers, | Case No. 1:14 CV 1694 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| State of Ohio, et al., | |
| Respondents. | |

**INTRODUCTION**

*Pro se* Petitioner Robert Meyers filed a "hybrid" Petition for a Writ of Habeas Corpus and/or Writ of Coram Nobis (Docs. 1 and 2) pursuant to 28 U.S.C. § 2254. Respondent Lake County Sheriff Daniel Dunlap filed a Motion to Dismiss pursuant to Federal Civil Rule 12(b)(1) and (6) (Doc. 13). Petitioner did not file an opposition to the Motion and did not respond to this Court's Order to Show Cause informing him that his traverse was overdue (Doc. 14).

This case was referred to Magistrate Judge George Limbert pursuant to Local Rule 72.2. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court dismiss the Petition for lack of subject matter jurisdiction (Doc. 16).

This matter is now before this Court on Petitioner's Objection to the R&R (Doc. 19). The Objection is merely a restatement of the Petition and does not address Respondent's Motion or the R&R.

Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings. Because the R&R accurately discusses the record, this Court adopts the facts and procedural history as stated in the R&R (Doc. 16 at 2–4). Briefly, Petitioner was charged in Mentor Municipal Court with one count of disorderly conduct. After a bench trial, Petitioner was found guilty and ordered to pay a $50 fine. Petitioner appealed, and the state appellate court affirmed the conviction.

## ANALYSIS

### Petition for Writ of Habeas Corpus

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdictional. *See Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001). The Mentor Municipal Court did not impose a sentence of incarceration. *See Mentor v. Meyers,* CRB1201396, Sept. 16, 2014 Docket Entry (Muni. Ct.); *see also Mentor v. Meyers*, 2014-Ohio-2011, at ¶14 (Ohio Ct. App. 2014). As such, Petitioner does not satisfy the requirements for federal habeas relief for this conviction.

### Petition for Writ of Coram Nobis

"The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). "The extraordinary remedy of coram nobis, however, is available only in the court which rendered the judgment under attack; it is not available in federal courts as a means of attacking a state conviction." *Fegley v. McClain*, 802 F.2d 457 (6th Cir. 1986); *see U.S. v. Watkins-*

2

*El*, 37 F. App'x 716, 717 (6th Cir. 2002) (affirming the denial of coram nobis petition and holding that "the district court properly noted that the writ could not be used to attack [defendant's] . . . state conviction."). Because this Court did not enter the judgment Petitioner is challenging here, a writ of coram nobis is not available.

## CONCLUSION

This Court adopts the R&R (Doc. 16) and grants Respondent's Motion to Dismiss (Doc. 13). Petitioner's Motion For Immediate Emergency Evidentiary Hearing (Doc. 3), Motion To Forward/Expand State Court Record To Federal Court (Doc. 4), and Motions to Stay Enforcement of State Court Proceedings Pending Federal Appeal (Docs. 5 & 9) are each denied as moot.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Federal Appellate Rule 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                                                                       s/ *Jack Zouhary*
                                                                                   JACK ZOUHARY
                                                                                   U. S. DISTRICT JUDGE

February 27, 2015